**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**March 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **S.J., C.B.-1, S.B., A.B., D.B.-1, and D.B.-2**

**No. 18-0975** (Ohio County 17-CJA-137-JPM, 17-CJA-138-JPM, 17-CJA-139-JPM, 17-CJA-140-JPM, 17-CJA-141-JPM, and 17-CJA-142-JPM)

## MEMORANDUM DECISION

Petitioner Father C.B.-2, by counsel Peter P. Kurelac III, appeals the Circuit Court of Ohio County's October 5, 2018, order terminating his parental rights to S.J., C.B.-1, S.B., A.B., D.B.-1, and D.B.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Joseph J. Moses, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights instead of imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2017, the DHHR filed an abuse and neglect petition that alleged the parents routinely left the children in the care of others and, during those times, neglected the children by failing to provide them "with the necessary food, clothing, shelter, supervision, medical care or education." The DHHR also alleged that the parents "lack parenting skills, parenting knowledge and motivation" as evidenced by the fact that "they will not, cannot, and/or do not provide proper physical care, protection, supervision and psychological support appropriate to their children's ages and stages of development." The petition further alleged that both parents had extensive criminal histories; the mother was only recently released from incarceration prior to the proceedings and petitioner was incarcerated at the time the petition was

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Because one of the children and petitioner share the same initials, we will refer to them as C.B.-1 and C.B.-2, respectively. Additionally, because two of the children share the same initials, we will refer to them as D.B.-1 and D.B.-2.

filed. Because of their repeated incarcerations, the DHHR alleged that the parents abandoned the children. Moreover, the petition included an allegation that S.J. was sexually abused by a relative while living with her great-grandmother, in addition to the fact that the mother allowed the abuser around the children after she was made aware of the allegations.

In February of 2018, the circuit court held an adjudicatory hearing during which petitioner stipulated to several allegations in the petition, including that he neglected the children by his failure to "provide any physical, emotional, mental or financial support for the children" at times when they "have been left in the care of other persons." He further stipulated that he "has an extensive criminal history that includes arrests and/or convictions for felonious assault, murder, drug abuse, drug possession, drug trafficking, . . . and domestic battery," among other charges. The circuit court accepted petitioner's stipulation and adjudicated the children as abused and neglected.

Thereafter, the circuit court granted petitioner an improvement period. However, in May of 2018, the DHHR moved to terminate petitioner's improvement period because of his failure to fully submit to drug screens and testing positive for cocaine and alcohol on the occasions he did submit. Additionally, the DHHR alleged that petitioner engaged in domestic violence with the mother, violated his bond restrictions by remaining in contact with the mother, and was then incarcerated on a parole revocation from another matter at the time the DHHR filed its motion. Ultimately, the circuit court granted the DHHR's motion to terminate petitioner's improvement period.

In September of 2018, the circuit court held a dispositional hearing. During the hearing, petitioner advocated for disposition under West Virginia Code § 49-4-604(b)(5), which permits circuit courts to "commit the child[ren] temporarily to the care, custody, and control of the state department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court." The circuit court, however, found that petitioner "habitually abused drugs to the extent that proper parenting skills have been seriously impaired" and that he had "not adequately responded to a reasonable family case plan or other rehabilitative effort designed to reduce or prevent [his] abuse and/or neglect of the children." The circuit court further found that termination of petitioner's parental rights was necessary for the children's welfare. Accordingly, the circuit court terminated petitioner's parental rights to the children. It is from the dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

_____

[2]All parents' parental rights to the children have been terminated. According to the parties, the permanency plan for the children is adoption in their current placements.

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights based solely upon his incarceration, when he was fully complying with his improvement period prior to his incarceration on unrelated charges, and when he "had a long standing relationship with his children." We find no merit to petitioner's argument, however, as it misstates both the record on appeal and the law governing abuse and neglect proceedings. At the outset, it is important to note that at several points in his brief, petitioner presents a material misstatement of the record by asserting that he "committed no actual act of abuse or neglect against his children." On the contrary, petition's stipulation at adjudication was explicitly clear that petitioner neglected the children by failing to provide them with "any physical, emotional or financial support." The record is also clear that, as a result of his neglect, one child reported that she was sexually abused. As such, it is clear that petitioner, at a minimum, neglected the children.

Petitioner additionally asserts that he was "actively participating" in and "fully comply[ing]" with his improvement period prior to his compliance being "cut short when [his] parole was revoked." This is, again, a material misstatement of the record on appeal. According to the DHHR's motion to terminate petitioner's improvement period, he failed to remain in contact with the DHHR, failed to fully submit to drug screens, tested positive for cocaine and alcohol when he did screen, and was arrested for a domestic violence incident involving the mother. As such, it is abundantly clear that, absent his incarceration following the revocation of his parole, petitioner was not fully complying with his improvement period and was, in fact, engaging in additional criminal activities.

Finally, petitioner again misstates the record when he asserts several times on appeal that the circuit court "terminated his parental rights . . . based on his incarceration alone" and "where the only reason provided to the court for termination was [his] incarceration." A review of the circuit court's dispositional order shows this assertion lacks a factual basis, given the findings that petitioner "habitually abused drugs to the extent that proper parenting skills have been seriously impaired" and that he had "not adequately responded to a reasonable family case plan or other rehabilitative effort designed to reduce or prevent [his] abuse and/or neglect of the children." These findings were based on substantial evidence, including evidence of petitioner's positive screens for cocaine and alcohol and his failure to complete even a single term or condition of his improvement period. Because petitioner's argument lacks a factual basis, he is entitled to no relief.

3

On the contrary, both of the findings addressed above constitute situations in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected. *See* W. Va. Code §§ 49-4-604(c)(1) and (3). As this Court has previously noted, West Virginia Code § 49-4-604(b)(6) permits the termination of parental rights upon findings "that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that such termination is "necessary for the welfare of the child." Here, the circuit court made these findings upon ample evidence separate and distinct from petitioner's incarceration. As such, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 5, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: March 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison